IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JIMMIE McNAIR, #057-526,<br>       Plaintiff, | *<br>*  |
| v. | CIVIL ACTION NO. DKC-05-3412 |
| | * |
| MRS. LATTICIA RICE, et al.,<br>       Defendants. | *<br>****** |
| JIMMIE McNAIR, #057-526,<br>       Plaintiff, | *<br>* |
| v. | CIVIL ACTION NO. DKC-05-3442 |
| | * |
| LATTICIA RICE, et al.,<br>       Defendants. | *<br>****** |

**MEMORANDUM**

      The court is in receipt of Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, alleging legal malpractice against his court-appointed attorney, her law firm, the Office of the Montgomery County Public Defender, and the Office of the Maryland Public Defender. Paper No. 1, Civil Action No. DKC-05-3412 (D. Md. 2005). On December 27, 2005, the court received an identical complaint filed by plaintiff which was inadvertently docketed as a new Complaint. Paper No. 1, Civil Action No. DKC-05-3442 (D. Md. 2005). As the Complaints relate to the same events, consolidation is appropriate.

      Plaintiff has sought leave to proceed in forma pauperis (Paper No. 2), which shall be granted. For the reasons stated below, the Complaint is summarily dismissed.

      According to the Complaint, Plaintiff was criminally charged in the District Court for Montgomery County, Maryland in May of 2005. He claims that his criminal case was weak and that law enforcement had no probable cause to detain and arrest him. Paper No. 1. Plaintiff complains that his defense attorney failed to: (i) file motions on his behalf; (ii) conduct pre-trial

investigation; (iii) produce a suggested witness; (iv) ensure that he be permitted to review the evidence against him; and (v) file a requested reconsideration and appeal. He further alleges that counsel improperly advised him to plead guilty. *Id*.

To the extent Plaintiff is invoking the Civil Rights statute in order to raise a legal malpractice claim against his defense attorney, his action is subject to dismissal. In *Daniels v. Williams*, 474 U.S. 327, 328-336 (1986), the Supreme Court held that claims of negligence and malpractice are not actionable under 42 U.S.C. § 1983. Moreover, for a federal court to take subject-matter jurisdiction over a negligence claim, the parties must be of diverse citizenship. *See* 28 U.S.C. § 1332. The court otherwise lacks jurisdiction over Plaintiff's negligence claim because Plaintiff and Defendants do not reside in different states.

Further, a threshold requirement of civil actions commenced under 42 U.S.C. § 1983 is that the named defendants be acting "under color of" state law. *See West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-30, 935-37 (1982). Defense attorneys, whether privately retained or publicly appointed, are not amenable to suit under §1983.[1] *See Polk County v. Dodson*, 454 U.S. 312, 317-321 (1981). Defendants are not subject to damages under 42 U.S.C. §1983 in their capacity as court-appointed counsel.

For the reasons stated herein, the Court will, by separate Order, dismiss Plaintiff's Complaint. This shall constitute the first dismissal under 28 U.S.C. § 1915(e)(2)[2] to be charged

---

[1] In addition, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), holds that to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See id*.; *see also Muhammad v. Close*, 124 S.Ct. 1303, 1304 (2004); *Young v. Nickols*, 413 F.3d 416, 418-19 (4th Cir. 2005).

[2] 28 U.S.C. § 1915(e) states that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A)  the allegation of poverty is untrue; or

to Plaintiff. Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis [3] if he continues to file federal civil rights actions that are subject to dismissal as frivolous or malicious or for failure to state a claim on which relief may be granted.

    1/18/06                                           /s/
Date                                                DEBORAH K. CHASANOW
                                                       United States District Judge

---

          (B)  the action or appeal--
               (i)  is frivolous or malicious;
               (ii)  fails to state a claim on which relief may be granted; or
               (iii) seeks monetary relief against a defendant who is immune from such relief.

[3]    28 U.S.C. § 1915(g) provides that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the Court interprets this provision), once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.